# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD D. KEELER,<br><br>                    Petitioner,<br>   vs.<br>MATTHEW CATE, Secretary,<br><br>                    Respondent. | CASE NO. 09cv268-WQH-JMA<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Report and Recommendation (Doc. # 39) of Magistrate Judge Jan M. Alder recommending that this Court deny the Petition for Writ of Habeas Corpus (Doc. # 1).

## BACKGROUND

On November 14, 2006, Petitioner Gerald D. Keeler pleaded guilty in San Diego County Superior Court to two counts of possession of cocaine base stemming from two separate cases, and admitted an enhancement that he committed one crime while on bail. The trial court suspended imposition of sentence, placed Petitioner on three years' probation, and ordered him to drug treatment.

On February 15, 2007, the trial court found Petitioner violated his probation by testing positive for drugs. The court reinstated probation and ordered Petitioner to seek a referral from probation for residential drug treatment.

On May 18, 2007, the trial court found Petitioner violated probation for being arrested

1  while he was under the influence, and reinstated probation and ordered Petitioner to continue
2  drug treatment.

3       On July 2, 2007, the trial court conducted a hearing on an alleged third violation of
4  Petitioner's probation based on positive drug tests. At the hearing, Petitioner's counsel,
5  Deputy Public Defender Marsha Dugan, told the court, "[Petitioner] and I discussed, way back
6  in May, his desire to go into a [Veterans Village of San Diego] program, but as the court can
7  see ... he's got an ankle bracelet, which is a monitoring device for a Temecula misdemeanor
8  for domestic violence. And he still lives with his wife, with permission of the court. The
9  situation in Temecula is preventing him from qualifying for a residential treatment program."
10 (Lodgment No. 2, Tr. at 15). Petitioner's counsel requested that the matter be set for an
11 evidentiary hearing in three weeks. The trial court granted Petitioner's request and set the
12 matter for an evidentiary hearing on July 30, 2007. The court stated: "[E]ven with the ankle
13 bracelet, you're still testing positive. I understand addiction, but I'm concerned basically for
14 you. I don't know what I can do at this time, other than to tell you that if you are in the V.A.
15 [drug treatment] program, I really hope you work that program between now and the time I see
16 you in about three to four weeks." *Id*. at 18.

17      On July 30, 2007, Petitioner, represented by Deputy Public Defender Cheryl Landi,
18 appeared for the evidentiary hearing. Landi requested "that this case be continued so that Mr.
19 Keeler can ... hire Mr. Quirk, who is handling his other cases, to handle this matter." *Id*. at 20.
20 Landi told that trial court "that it appears that [Petitioner] may have picked up a new case,
21 which is possession of a pipe." *Id*. at 20-21. Landi stated:

22      As to the evidentiary hearing for his discharge [from a drug treatment
program], which is based on a positive test, I guess there is some issue as to the
23 testing that was conducted. This is the first time I've been made aware of it, ...
and ... we didn't subpoena anybody from there or any of the tests. So the only
24 information we would have is from probation, ... and that is that he had three
positive tests [on May 17, 2007, May 21, 2007, and June 7, 2007].
25
     So I'm asking the court to strongly consider that in order for him to have
26 a fair hearing, ... that the matter be put over and he either retain Mr. Quirk, or,
our office will have to subpoena those records from the V.A. regarding the
27 testing.

28 *Id*. at 21.

The prosecutor opposed the request for a continuance, stating that "Mr. Quirk has been [Petitioner's] counsel ... on both of these matters in the past," but the public defender was substituted in one case on December 14, 2006 and on the other case on February 15, 2007. *Id.* at 22. The prosecutor stated:

> Defendant has had approximately a month from [July 2, 2007] to retain Mr. Quirk. He has not seen fit to do so. He has present, competent counsel who can proceed. ... He has a right to counsel of his own choice. We do not dispute that. But this appears, on the totality of the circumstances, to be nothing more than a delaying matter, and we would ask the court to continue with the evidentiary hearing today.

*Id.*

The trial court stated:

> I would have to agree with the district attorney in that the matter was set for an evidentiary hearing because you denied the allegation of recent use and discharge from [the drug treatment program], which is your absolute right to do so, but you were on notice, at least as of July 2nd, that the matter would be set for an evidentiary hearing on today's date and time. Not having Mr. Quirk as your counsel today, today is the date and time that the matter was scheduled, and the court is prepared to go forward.

*Id.* at 22-23. Petitioner stated that "the reason I wasn't on this" is that "I had pneumonia between the time I left here and up to...." *Id.* at 23. The trial court stated, "You also managed to suffer a new arrest on July 23rd, for which you were in custody three times. So with regard to the request to continue the evidentiary hearing, that request is denied." *Id.*

The trial court proceeded to conduct the evidentiary hearing. A representative from San Diego County Probation, Kerry Ransaw, testified that Petitioner tested positive for cocaine on July 16, 2007; Petitioner was discharged from a drug treatment program on July 2, 2007 "for three positive tox screens, 6-7-07, 5-21-07, 5-17-07"; and Petitioner was arrested on July 23, 2007 "for an outstanding bench warrant, [and] being in possession of a drug paraphernalia, which was in the shape of a glass tube, as a pipe used in smoking cocaine." *Id.* at 25-26. Ranshaw testified that he was not aware that charges had been filed "on the new paraphernalia case." *Id.* at 28.

Petitioner next testified at the hearing. Petitioner testified:

> [The employees at the drug treatment program] were told to monitor all the patients who take [drug] tests. From my understanding, ... they had a lot of young kids in there ... working. I won't say 'kids.' But none of the tests were

monitored. Well, when I hand the tests over to them, they check, I guess, the temperature level, which was correct. And the next day, I was called, and they say[], 'Hey, one of your tests was water, ... and we need you to test again.' I tested. Passed. No problem.

*Id*. at 29-30.

Ransaw testified as a rebuttal witness. Near the end of his testimony on rebuttal, Ransaw testified that he was "not [Petitioner's] direct probation officer." *Id*. at 34. Petitioner's counsel stated, "perhaps we need to have [Petitioner's] probation officer." *Id*. The trial court stated: "At this point, we're at the evidentiary hearing. I'm not going to call new witnesses. I'll let the People proceed on to prove-up the violations or lack of violations." *Id*.

After hearing the arguments of counsel, the trial court stated:

> There appears to be some confusion with regard to the positive test allegation [with respect to the test conducted by probation] as to the dates. At this point, based on that confusion as to that allegation of a positive test, the court does not find a violation.
>
> That leaves two more allegations before the court.
>
> The first allegation was that Mr. Keeler was discharged from the V.A. program on or about July 2nd for the positive tests of May 17, May 21, and June 7th. To the court, the real issue is: was he discharged from the program? Based upon the evidence that I heard, I do find that the People have proved, by a preponderance of the evidence, that Mr. Keeler was discharged from the V.A. program due to the positive test. That's also taking into consideration Mr. Keeler's testimony regarding those positive tests.
>
> The last allegation that the court has pending before it is the arrest of July 23rd. The court heard testimony from the probation officer. The court should also inform the parties that the court is able to take judicial notice of the San Diego Law Screen, which does show that, in fact, a Gerald Keeler was arrested on July 23, was released with no charges pending, and has a future date of September 10th. So with regard to the allegation of an arrest on July 23, the court finds that the People did prove that allegations by a preponderance of the evidence. So, therefore, those two, the discharge from the V.A. and the new arrest, would form the bases from the third violation.

*Id*. at 37-38. The trial court revoked Petitioner's probation, and released Petitioner on his own recognizance.

On September 17, 2007, Petitioner appeared for sentencing hearing. Petitioner was represented by retained counsel, Charles Quirk. The trial court denied Petitioner's motion to strike a prior conviction, denied probation, and sentenced Petitioner to prison for 32 months in one case, and a consecutive term of 16 months in the other case.

Petitioner appealed from the judgment to the California Court of Appeal. Petitioner, through counsel, contended that the order revoking Petitioner's probation should be reversed because, inter alia, the trial court improperly denied the request to obtain private counsel and the related request to continue the hearing. On November 4, 2008, the Court of Appeal affirmed the trial court's judgment in an unpublished opinion. With respect to Petitioner's contention regarding the denial of a continuance, the Court of Appeal stated: "[O]n the day set for the hearing, Keeler had not yet retained a private lawyer, although Keeler had advance notice of the hearing. Keeler did not present evidence regarding his attempts to contact private counsel. Under these circumstances, the trial did not abuse its discretion in denying the continuance." (Lodgment No. 10, *People v. Keeler*, No. D052056, slip op. at 6).

On January 14, 2009, the California Supreme Court summarily denied Petitioner's petition for review.

Petitioner sought habeas relief in the state courts. The claims presented to the San Diego County Superior Court and Court of Appeal did not include the claims currently before this Court. Petitioner's habeas petition to the California Supreme Court included claims currently before this Court. On April 1, 2009, the California Supreme Court summarily denied his petition.

On January 29, 2009, Petitioner, proceeding pro se, initiated this action by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court, Eastern District of California. (Doc. # 1). On February 12, 2009, the action was transferred to this Court. (Doc. # 4).

Petitioner challenges the denial of a continuance of his July 30, 2007 probation revocation hearing. (Doc. # 1). Petitioner alleges the denial of a continuance (1) violated his Fourteenth Amendment right to hire private counsel, (2) violated his constitutional rights to subpoena and examine his probation officer at the hearing, and (3) violated his constitutional right to produce "exculpatory evidence regarding the efficacy of Petitioner's purportedly failed drug test, and the illegal arrest on July 23, 2007." (Doc. # 1 at 9). Attached to the Petition is a declaration from Petitioner's wife indicating that she made "several attempts" to "contact the

1 | Law Office of Charles Quirk for [Petitioner]'s July 30, 2007 court date. ... However, Charles
2 | Quirk was unavailable, and unable to be reached for [the] July 30, 2007 court date."
3 | (Josephine Keeler Decl., Doc. # 1 at Page 19 or 44). Also attached to the Petition is a letter
4 | from Petitioner's employer stating that Petitioner "was on sick leave from 7/05/07 through
5 | 8/01/07," and a document indicating that Petitioner visited the Palomar Medical Center
6 | Emergency Department on July 20, 2007, and was diagnosed with "possible early pneumonia"
7 | and discharged on the same day with a prescription for an antibiotic. (Doc. # 1 at Page 16-17
8 | of 44).

9 | On May 5, 2009, Respondent filed an Answer to the Petition. (Doc. # 16).

10 | On May 15, 2009, Petitioner filed a document captioned, "Denial and Exception to the
11 | Return to the Order to Show Cause and Memorandum of Points and Authorities in Support
12 | Thereof," which the Court construes as Petitioner's Traverse. (Doc. # 20).

13 | On June 4, 2010, the Magistrate Judge issued the Report and Recommendation. (Doc.
14 | # 39). The Report and Recommendation recommends that the Petition be denied because
15 | Petitioner had not shown that the trial court violated Petitioner's constitutional rights, or that
16 | the California courts' denial of Petitioner's claims was contrary to, or an unreasonable
17 | application of, established United States Supreme Court precedent. On June 4, 2010, the
18 | Magistrate Judge denied Petitioner's request for an evidentiary hearing, stating that "[t]here
19 | is currently no indication that the Petition cannot be resolved on the current record." (Doc. #
20 | 38).

21 | On June 22, 2010, Petitioner filed objections to the Report and Recommendation. (Doc.
22 | # 40). Petitioner objects that "Petitioner was under antibiotic due to pneumonia [at the
23 | hearing] and was very confused"; "the record does not show [that the trial court had] calendar
24 | or congestion concerns"; attorney "Charles Quirk [could have] presented [a] meritorious
25 | defense with the documentation of the resolved warrant prior to the July 23, 2007 arrest and
26 | confusing issues regarding V.A. testing procedures specifically the June 7, 2007 and July 2,
27 | 2007 test issues"; "the pipe was illegally seized because Petitioner was unlawfully arrested [on
28 | July 23, 2007]"; and the deputy public defender who represented him at the July 30, 2007

hearing was unprepared. (Doc. # 40 at 8-10, 16).

## STANDARD OF REVIEW

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court must "make a *de novo* determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); *see also U.S. v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

## DISCUSSION

Petitioner objects to the Report and Recommendation in its entirety. Accordingly, the Court reviews Petitioner's claims and the Report and Recommendation *de novo*.

The Magistrate Judge correctly found that this Court's review of the Petition is governed by the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254. Under this standard, a "petition cannot be granted unless the state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1127 (9th Cir. 2006) (quotation omitted), overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010).

The Magistrate Judge correctly set forth the standard that trial judges are afforded "broad discretion ... on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel." *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) (quotation omitted). "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964) (citations omitted).

After reviewing Petitioner's objections and the entire record, the Court concludes that the Magistrate Judge correctly applied these standards in determining that Petitioner is not entitled to habeas relief. The Magistrate Judge correctly determined that the trial court did not abuse its broad discretion in denying the July 30, 2007 request for continuance, "particularly [when considering] the reasons presented to the trial judge at the time the request is denied." *Ungar*, 376 U.S. at 589. The Magistrate Judge also correctly determined that, even if the denial of the request constituted an abuse of discretion, Petitioner has failed to demonstrate "actual prejudice to [Petitioner]'s defense resulting from the trial court's refusal to grant a continuance." *Gallego v. McDaniel*, 124 F.3d 1065, 1072 (9th Cir. 1997).

The Court concludes that the Magistrate Judge correctly denied Petitioner's request for an evidentiary hearing. "[F]or a post-AEDPA petitioner to receive an evidentiary hearing in federal court, he must first show that he has not failed to develop the factual basis of the claim in the state courts: if he has failed, he must meet one of the two narrow exceptions stated in the statute. Then he must meet one of the *Townsend* factors and make colorable allegations that, if proved at an evidentiary hearing, would entitle him to habeas relief." *Insyxiengmay v. Morgan*, 403 F.3d 657, 670 (9th Cir. 2005) (citing 28 U.S.C. § 2254(e)(2); *Townsend v. Sain*, 372 U.S. 293, 313 (1963)). Petitioner has failed to show that "he has not failed to develop the factual basis of the claim in the state courts" or that he meets the exceptions in § 2254(e)(2).[1]

The Court concludes that Petitioner has failed to demonstrate that the California courts' denial of his claim "was based on an unreasonable determination of the facts in light of the

---

[1] Section 2254(e)(2) provides:
If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
   (A) the claim relies on--
      (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
      (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
   (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
28 U.S.C. § 2254(e)(2).

1  evidence presented in the State court proceeding," or "was contrary to, or involved an
2  unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d).
3  Accordingly, the Petition is denied.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[A] [certificate of appealability] should issue when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Although the Court denied Petitioner's habeas Petition, the Court finds that Petitioner raised colorable, nonfrivolous, constitutional arguments with respect to each of the three claims in the Petition. A certificate of appealability is granted.

### CONCLUSION

IT IS HEREBY ORDERED that (1) the Report and Recommendation (Doc. # 39) is ADOPTED in its entirety; and (2) the Petition for Writ of Habeas Corpus is DENIED (Doc. # 1). A certificate of appealability is GRANTED. The Clerk of the Court shall close this case.

DATED: August 13, 2010

**WILLIAM Q. HAYES**
United States District Judge