# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD DEAN KEELER,<br><br>                Petitioner,<br>  vs.<br>MATTHEW CATE, Secretary,<br><br>                Respondent. | CASE NO. 09cv268-WQH-JMA<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the "Ex Parte Application for Indication by Court of Intent Re: Petitioner's Motion to Present New Evidence," filed by Petitioner Gerald Dean Keeler. (ECF No. 50).

## BACKGROUND

On January 29, 2009, Petitioner, then proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Petitioner challenged the denial of a continuance of his July 30, 2007 probation revocation hearing in state court. Petitioner alleged the denial of a continuance (1) violated his Fourteenth Amendment right to hire private counsel, (2) violated his constitutional rights to subpoena and examine his probation officer at the hearing, and (3) violated his constitutional right to produce "exculpatory evidence regarding the efficacy of Petitioner's purportedly failed drug test, and the illegal arrest on July 23, 2007." *Id*. at 9.

On August 13, 2010, this Court issued an Order adopting the Report and

Recommendation of the Magistrate Judge, denying the Petition, and granting a certificate of appealability. (ECF No. 41). The Court found that this Court's review of the Petition is governed by the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996. *See id*. at 7 (citing 28 U.S.C. § 2254; *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1127 (9th Cir. 2006)). The Court found that, based upon the record, the state "trial court did not abuse its broad discretion in denying the July 30, 2007 request for continuance, 'particularly [when considering] the reasons presented to the trial judge at the time the request is denied.'" *Id*. at 8 (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964); citing *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) (trial judges are afforded "broad discretion ... on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel") (quotation omitted)). The Court found that, "even if the denial of the request constituted an abuse of discretion, Petitioner has failed to demonstrate 'actual prejudice to [Petitioner]'s defense resulting from the trial court's refusal to grant a continuance.'" *Id*. (quoting *Gallego v. McDaniel*, 124 F.3d 1065, 1072 (9th Cir. 1997)). The Court found that the Magistrate Judge correctly denied Petitioner's request for an evidentiary hearing. *See id*.

On August 16, 2010, Judgment was entered. (ECF No. 42).

On September 1, 2010, Petitioner filed a Notice of Appeal. (ECF No. 43).

On April 22, 2011, the Court of Appeals for the Ninth Circuit issued an Order stating: "Appellant's opposed motion to stay appellate proceedings and remand to the district court is denied without prejudice to a renewed motion accompanied by an indication that the district court is willing to entertain appellant's request to present new evidence." (ECF No. 49 at 1 (citing *Crateo v. Intermark, Inc.*, 536 F.2d 862 (9th Cir. 1976)).

On April 29, 2011, Petitioner, represented by counsel, filed in this Court the "Ex Parte Application for Indication by Court of Intent Re: Petitioner's Motion to Present New Evidence." (ECF No. 50). Petitioner requests that "this Court give an indication it will entertain or grant a motion to present new evidence, so that Petitioner may move the Ninth Circuit to remand jurisdiction to [the] District Court for further proceedings." *Id*. at 1.

Petitioner contends that, "[a]lthough [the] probation officer testified [at the state court probation revocation hearing] that Mr. Keeler tested positive on May 17, May 21, and June 7," the new evidence "show[s] that both [drug] tests in May were negative, and only the June 7 test was positive." *Id*. at 4. Petitioner contends that the new evidence shows that Petitioner "was not discharged due to dirty drug tests, rather due to his lack of contact with the outpatient program." *Id*. Petitioner contends that the new evidence shows that the July 23, 2007 arrest referenced by the state court judge "was due to a clerical error and thus unlawful." *Id*. at 5. Petitioner contends that "[t]he attached new evidence is thus material and provides powerful probative evidence to support Mr. Keeler's claims that the [state trial] court abused its discretion and denied Mr. Keeler's Due Process rights in denying his motion for a continuance so that he could retain counsel and present exculpatory evidence." *Id*. Petitioner contends that the new evidence "proves [Petitioner] was prejudiced" by the denial of the continuance.

On May 12, 2011, Respondent filed an opposition to Petitioner's motion. (ECF No. 54). Respondent contends that "Petitioner's request should be denied because he has failed to demonstrate why he could not have introduced his evidence sooner in both the state court and this Court." *Id.* at 1-2. Respondent contends that Petitioner's motion constitutes "a successive habeas corpus petition under *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005) and 28 U.S.C. § 2244(b)," which must be denied by this Court because "the successive motion has not been certified by a panel of Ninth Circuit judges as required by 28 U.S.C. § 2244(b)." *Id*. at 2-3. Respondent contends that "Petitioner's request should also be denied because federal review of his habeas petition is 'limited to the record that was before the state court.'" *Id*. at 2 (quoting *Cullen v. Pinholster*, No. 09-1088, --- U.S. ---,131 S. Ct. 1388, 1398 (2011)).

On May 19, 2011, Petitioner filed a reply in support of his motion. (ECF No. 55). Petitioner contends that he "need only present *new* evidence; that is, evidence not previously admitted at the probation hearing." *Id*. at 1-2 (citing *Schlup v. Delo*, 513 U.S. 298 (1995); *United States v. Griffin*, 350 F.3d 956, 963 (9th Cir. 2003)). Petitioner contends that "Respondent's argument regarding the exhaustion requirement is also misplaced here, because Mr. Keeler does not seek a 'new remedy,' rather wishes to present new evidence which is

material to the issues already presented." *Id.*

## DISCUSSION

"Once an appeal is filed, the district court no longer has jurisdiction to consider motions to vacate judgment. However, a district court may entertain and decide a Rule 60(b) motion after notice of appeal is filed if the movant follows a certain procedure, which is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case." *Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007) (quotation and citations omitted); *see also Crateo, Inc. v. Intermark, Inc.*, 536 F.2d 862, 869 (9th Cir. 1976) ("Because of the pending appeal, the District Court had no jurisdiction to enter an order under Rule 60(b). The most the District Court could do was to either indicate that it would 'entertain' such a motion or indicate that it would grant such a motion. If appellant had received such an indication, its next step would have been to apply to this Court for a remand.").

Rule 60(b) allows a trial court to grant relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b); *see also In re Sasson*, 424 F.3d 864, 875-76 (9th Cir. 2005).

The only plausible bases for Rule 60(b) relief in this case is Rule 60(b)(2) ("newly discovered evidence") and Rule 60(b)(6) ("any other reason that justifies relief").

If a party relies on "newly discovered evidence" under Rule 60(b)(2), "the movant must show the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (quotation omitted); *see Feature Realty, Inc. v. City of Spokane*, 331 F.3d

1082, 1093 (9th Cir. 2003). Even assuming that factors one and three have been satisfied in this case, Petitioner has failed to demonstrate that the new evidence "could not have been discovered through due diligence." *Jones*, 921 F.2d at 878.

Courts "use Rule 60(b)(6) sparingly as an equitable remedy to prevent manifest injustice. To receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (quotations omitted); *see also Gardner v. Martino*, 563 F.3d 981, 991-92 (9th Cir. 2009) ("Relief under Rule 60(b)(6) will not be granted unless the moving party is able to show both injury and circumstances beyond its control prevented timely action to protect its interest."). Petitioner has failed to demonstrate or allege "extraordinary circumstances which prevented or rendered him unable to prosecute his case" by presenting the new evidence in state court, or prior to the entry of judgment in this case. *Lal*, 610 F.3d at 524.

Petitioner contends that he "is not required to show the evidence is 'newly discovered.'" (ECF No. 55 at 1). In support, Petitioner relies upon *Schlup v. Delo*, 513 U.S. 298 (1995) and *United States v. Griffin*, 350 F.3d 956 (9th Cir. 2003). *Schlup* holds generally that an exception to the habeas exhaustion requirement exists if dismissal of the petition would result in "a fundamental miscarriage of justice." *Schlup*, 513 U.S. at 315; *see also id.* at 327 (holding that to permit consideration of procedurally barred claims, a petitioner must show that in light of all the evidence, including new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt"). *Griffin* held that "habeas petitioners may pass *Schlup*'s test by offering newly *presented* evidence of actual innocence," rather than newly *discovered* evidence. *Griffin*, 350 F.3d at 963 (emphasis added).

Petitioner indicated that the pending motion was brought pursuant to the April 22, 2011 Order issued by the Court of Appeals for the Ninth Circuit, which states that Petitioner may file "a renewed motion [to stay appellate proceedings and remand] accompanied by an indication that the district court is willing to entertain appellant's request to present new evidence." (ECF No. 49 at 1 (citing *Crateo v. Intermark, Inc.*, 536 F.2d 862 (9th Cir. 1976)).

1  As discussed above, *Crateo* involves the limited authority of a district court to "indicate" that
2  it would entertain or gant a Rule 60(b) motion. *Crateo*, 536 F.2d at 869. Petitioner has pointed
3  to no authority that the standards in *Schlup* and *Griffin*, which address procedurally barred
4  claims, apply to Rule 60(b) motions or otherwise apply to motions filed in a district court after
5  judgment has been entered and an appeal is pending.
6  After review of the record and the submissions of the parties, the Court concludes that
7  the "Ex Parte Application for Indication by Court of Intent Re: Petitioner's Motion to Present
8  New Evidence" should be denied.

## CONCLUSION

10  IT IS HEREBY ORDERED that the "Ex Parte Application for Indication by Court of
11  Intent Re: Petitioner's Motion to Present New Evidence" is denied. (ECF No. 50).
12  DATED: May 23, 2011

**WILLIAM Q. HAYES**
United States District Judge